United States Bankruptcy Court
Middle District of Florida
Orlando Division

| | |
|---|---|
| In re PETER PAUL MITRANO,<br><br>　　　　　Debtor.<br>_____ | Case No. 6:24-bk-02053-TPG<br>Chapter 13<br><br>**FILED**<br>MAY 3 1 2024<br>Clerk, U.S. Bankruptcy,<br>Orlando Division |
| PETER PAUL MITRANO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>VIRGINIA L. KELLY,<br><br>　　　　　Defendant. | Adversary No. 24-ap-000 |

**Complaint**

The plaintiff, Peter Paul Mitrano, *pro se*, states his Complaint as follows:

<u>Count One</u>

1. This is an adversary proceeding in which the plaintiff, Peter Paul Mitrano, *pro se*, is seeking a declaratory judgment that a judgment entered on or about September 27, 2002 between

1

plaintiff, Peter Paul Mitrano, *pro se*, and the defendant, Virginia L. Kelly before the Lebanon District Court in the Family Division (then a court of limited jurisdiction) in Lebanon, in the State of New Hampshire, is void *ab initio*.

2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3.   This is a core proceeding pursuant to 28 U.S.C. § 157.

4.   Plaintiff, Peter Paul Mitrano, *pro se*, has standing to bring this action.

5.   Venue is proper pursuant to 28 U.S.C. § 1409(a) and Local Rule 107-1 of United States Bankruptcy Court for the Middle District of Florida.

6.   On Friday, April 26, 2024. at approximately 1:36 P.M., the undersigned debtor Peter Paul Mitrano, *pro se*, filed bankruptcy in person before the above-captioned court.

7.   The defendant obtained a judgement against plaintiff, Peter Paul Mitrano, *pro se*, from a court that was without subject-matter jurisdiction to entered said judgment.

8.   The defendant obtained a judgement contrary to jurisdiction requirements of Title 28, Section 1738A.

9. Plaintiff, Peter Paul Mitrano, *pro se*, respectfully requests that this Court rule that the judgement from Lebanon District Court in the Family Division (then a court of limited jurisdiction) in Lebanon, in the State of New Hampshire, is void *ab initio*.

10. Any and all actions precedent to the filing of this action have occurred, abided, and/or been waived.

## Count Two

11. Plaintiff, Peter Paul Mitrano, *pro se*, hereby incorporates the above-stated paragraphs numbered 1-10 as though fully stated herein.

12. *Arguendo*, said judgment entered on or about September 27, 2002 between plaintiff, Peter Paul Mitrano, *pro se*, and the defendant, Virginia L. Kelly before the Lebanon District Court in the Family Division (then a court of limited jurisdiction) in Lebanon, in the State of New Hampshire, was issued by a court that lacked subject-matter jurisdiction.

13. Said subject judgment from the state court lacking jurisdiction may be collaterally attacked in federal court.

14. Bankruptcy courts are empowered to avoid, modify, and discharge state court judgments under the Bankruptcy Code.

## Count Three

15. Plaintiff, Peter Paul Mitrano, *pro se*, hereby incorporates the above-stated paragraphs numbered 1-14 as though fully stated herein.

16. *Arguendo*, because the state court judgment is void, this Bankruptcy Court also has jurisdiction.

17. Under § 522(f), this Bankruptcy Court has the authority to avoid state court judicial liens

THEREFORE, the debtor and plaintiff, Peter Paul Mitrano, *pro se*, respectfully requests that this Honorable Court declare the subject judgment void *ab initio*.

Respectfully submitted,

/s/ Peter P. Mitrano
Peter Paul Mitrano
*Pro se*
Post Office Box 54
Scottsmoor, Florida  32775

Debtor/Plaintiff

(708) 940-0887
peter.mitrano@va.gov

Dated: May 31, 2024.

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Peter Paul Mitrano, Pro Se | **DEFENDANTS** Virginia L. Kelly |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) None | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Judgment that prior Judgment is void ab initio

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 0.00 |

**Other Relief Sought**
Declare prior judgment void ab initio.

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR Peter Paul Mitrano | BANKRUPTCY CASE NO. 6:24-bk-02053-TPG | | |
| DISTRICT IN WHICH CASE IS PENDING Middle District of Florida | DIVISION OFFICE Orlando | NAME OF JUDGE | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE May 31, 2024 | PRINT NAME OF ~~ATTORNEY~~ (OR PLAINTIFF) Peter Paul Mitrano | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.