UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re: | Case No. 6:24-bk-02053-TPG |
| PETER PAUL MITRANO, Debtor. | Chapter 13 |
| _____/ | Adversary No. 6:24-ap-00055-TPG |
| PETER PAUL MITRANO, Plaintiff, | |
| v. | |
| VIRGINIA KELLY, Defendant. | |
| _____/ | |

**DEFENDANT VIRGINIA KELLY'S OPPOSITION TO MOTION TO HAVE ANY RULING HEARD BY A DISTRICT COURT JUDGE (Doc No. 26)**

Defendant Virginia Kelly ("Kelly" and/or "Defendant") hereby files this Opposition to Motion to Have any Ruling Heard by a District Court Judge (the "Opposition").

I.   **INTRODUCTION AND FACTUAL BACKGROUND**

On or about May 31, 2024, ("Mitrano" and/or "Plaintiff") filed an Adversary Complaint commencing the above-captioned adversary proceeding (the "Adversary Proceeding"). A true and correct copy of the Adversary Complaint is attached to the separately-filed request for judicial notice ("RJN") as Exhibit "A." Pursuant to the Adversary Complaint, Mitrano, seeks a declaratory judgment that an order for child support and attorney's fees entered by the New Hampshire State Court in favor of Virginia Kelly on September 27, 2002 (the "New Hampshire Order") is void for lack of jurisdiction.

1

On or about June 21, 2024, Mitrano allegedly served the Adversary Complaint and then took steps to obtain a default judgment. A true and correct copy of the Proof of Service filed in the Adversary Proceeding is attached to the RJN as Exhibit "B."

On or about August 13, 20204, Kelly filed a Motion to Dismiss the Complaint (the "Motion to Dismiss"). A true and correct copy of the Motion to Dismiss is attached to the RJN as Exhibit "C." As set forth in the Motion to Dismiss, over the past twenty-two years, Mitrano has taken action in multiple state courts, federal district courts, and bankruptcy courts seeking the same relief (to void the New Hampshire Order). After being denied relief in every court to date, Mitrano filed the above-captioned bankruptcy proceeding and subsequently the Adversary Proceeding. Kelly's Motion to Dismiss was set for hearing on September 12, 20024.

On August 28, 2024, after Kelly appeared in the Adversary Proceeding and filed the Motion to Dismiss, Mitrano filed the Motion to have any Ruling Heard by a District Court Judge (the "Motion"). By the Motion, Mitrano seeks an order withdrawing the reference pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 5011 and Local Rule 5011-1. The Motion is untimely and not supported by any law or facts. Further, the Motion is clearly an attempt to delay a ruling on the Motion to Dismiss and/or harass Kelly by increasing her attorney's fees and causing her to take even more action to protect the valid New Hampshire Order. For these reasons and the reasons set forth below, the District Court should deny the Motion.

II.    **LEGAL ARGUMENT**

A.    **Standards Governing Withdrawal of Reference Pursuant to FRBP 5011**

United States Bankruptcy Courts derive their limited jurisdiction from the district courts' referral of bankruptcy matters. Specifically, under 28 U.S.C. § 1334(b), the United States district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11,

or arising in or related to cases under title 11." Under 28 U.S.C. § 157(a), "[e]ach district court may provide that . . . any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." In the Middle District of Florida, proceedings within the district courts' bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334 are automatically referred to the Bankruptcy Court pursuant to the standing order of reference, as contemplated by 28 U.S.C. § 157(a). *See In re Stone*, No. 8:10-cv-2517-JDW, 2010 WL 5069698, at *1 (M.D. Fla. Dec. 7, 2010). Because the Bankruptcy Court acquires jurisdiction only by reference from the district court, a district court may, pursuant to 28 U.S.C. § 157(d), "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion, or on timely motion by any party, for cause shown." 28 U.S.C. § 157(d).  As set in detail below, the Motion is untimely and Mitrano has failed to establish cause for withdrawing the reference. Therefore, the District Court should deny the Motion.

### B.    The District Court Should Deny the Motion as Untimely

As stated above, the District Court may withdraw the reference of an adversary proceeding "on *timely* motion." 28 U.S.C. § 157(d) (emphasis added).  Local Rule 5011-1(c) states that a motion to withdraw the reference to an adversary proceeding "*must* be filed with the Clerk no later than 30 days after service of the initial pleading." Local Rule 5011-1(c) (emphasis added). The initial pleading in the Adversary Proceeding was allegedly served on June 21, 2024. Mitrano's Motion was filed more than 60 days after service of the initial pleading (and after trying to obtain a default judgment). Therefore, the Motion is untimely and must be denied on this basis alone.

### C.    Mitrano Failed to Establish Cause for Withdrawing the Reference to the Adversary Proceeding

Courts traditionally rely upon the following factors for determining whether cause exists to withdraw the reference under 28 U.S.C. § 157(d): (i) the advancement of uniformity in bankruptcy administration; (ii) decreasing forum shopping and confusion; (iii) promoting the economical use of the parties' resources; (iv) facilitating the bankruptcy process; (v) whether the claim is core or non-core; (vi) the efficient use of judicial resources; (vii) whether a jury demand has been made; and (viii) the prevention of delay. *Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269, 274 (M.D. Fla. 2002) (citing *Dionne v. Simmons* (*In re Simmons*), 200 F.3d 738, 742 (11th Cir. 2000); *In re Hvide Marine Towing, Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000)). Cause to withdraw the reference may be found "if one or more of these factors is present." *United States v. Kaplan,* 146 B.R. 500, 504 (D. Mass. 1992); *see also Control Ctr., L.L.C. v. Lauer*, 288 B.R. 269 (withdrawing the reference on the basis that all but one claim in adversary complaint was non-core and the defendant was entitled to a jury trial). When each of these factors is considered, it is clear that the reference should not be withdrawn.

First, the claims in the Adversary Complaint are core claims. Under 28 U.S.C. § 157, core proceedings are the equivalent to those "'arising under title 11 or arising in a case under title 11,' while 'non-core' proceedings are synonymous with those 'otherwise related' to the bankruptcy estate.'" *Control Ctr.*, 288 B.R. at 276 (quoting *In re Toledo*, 170 F.3d at 1349) (emphasis added); *see also* 28 U.S.C. § 157(b)(1) and (c)(1). As shown in the Complaint, Mitrano has alleged that the Adversary Proceeding is a core proceeding. See Complaint at paragraph 3. Further, the claims in the Adversary Proceeding are brought pursuant to section 544 of the Bankruptcy Code. Therefore, this factor weighs in favor of finding that no cause exists to withdraw the reference.

Second, this is a clear case of forum shopping. As stated above, Mitrano proceeded with the Adversary Proceeding in Bankruptcy Court, including seeking a default judgment. At no time

4

did Mitrano seek to withdraw the reference to the Adversary Proceeding until Kelly appeared and filed the Motion to Dismiss. Therefore, Mitrano's claim motive in filing the Motion is to pick and choose which forum he believes may be most favorable to him at any given time. Accordingly, this factor shows the Motion should be denied.

Third, withdrawing the reference would not promote the economical use of the parties; and judicial resources. The Adversary Proceeding should be completely resolved by the Court at the hearing on the Motion to Dismiss. By filing the Motion, Mitrano has sought to delay resolution of the Adversary Proceeding and increase costs of all parties. Therefore, this factor weighs in favor of denying the Motion.

Fourth, Mitrano did not request a jury trial nor is he entitled to a jury trial, this showing the reference should not be withdrawn. The claims in the Adversary Complaint are for declaratory relief. Mitrano is not entitled to a jury trial for declaratory relief. *See In re Sunco, Inc.*, 113 B.R. 764 (Bankr.S.D.Fla.1990) (if declaratory relief is sought, there is no right to a jury trial). Therefore, cause does not exist to withdraw the reference.

Finally, withdrawal of the reference would not prevent delay, instead it would further delay resolution of the issues in the Adversary Proceeding. As stated above, Mitrano has been trying to obtain an order voiding the New Hampshire Order for the past twenty-two years and has been unsuccessful with each attempt. Now, Kelly has filed a Motion to Dismiss that is ready to be heard by the Bankruptcy Court, which will resolve the Adversary Proceeding in its entirety. Accordingly, the Motion is a stall tactic to further prolong the litigation with Kelly. Therefore, this factor weighs against withdrawing the reference.

Each factor discussed above weighs in favor of finding cause does not exist to withdraw the Motion.[1] More importantly, Mitrano has failed to discuss even a single factor or establish any legal or factual reason to support a finding of "cause" to withdraw the reference related to the Adversary Proceeding. Therefore, the Motion should be denied.

**III.    CONCLUSION**

For the foregoing reasons, Kelly requests that the Court deny the Motion and for any other relief as is just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via electronic filing and/or US mail this 11th day of September 2024 to:

Peter Paul Mitrano
P.O. Box 54
Scottsmoore, FL 32775

Laurie K. Weatherford, Trustee (via electronic transmission)

U.S. Trustee (via electronic transmission)

/s/ STEPHEN CAPLAN
STEPHEN R. CAPLAN, ESQUIRE
31 N. HYER AVE.
ORLANDO, FL 32801
TEL: (407) 872-6249
FAX: (407) 425-1501
FL. BAR NO. 835153
Attorney for Defendant

---

[1] The remaining factors to consider when determining whether to withdraw the reference to the bankruptcy court, including the advancement of uniformity in bankruptcy administration, facilitating the bankruptcy process are not relevant to the Adversary Proceeding and therefore are not discussed in this Opposition.